IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

    Plaintiff

vs.     *     Case No. PX-18-0631

SCOTT WILLIAMS

    Defendant     *

MEMORANDUM
IN SUPPORT OF
DEFENSE MOTION FOR APPROPRIATE RELIEF

    COMES NOW the defendant, by and through counsel, and, in support of his motion to sever, says as follows:

FACTS

    At the hearing upon the defense motion for severance, the court could expect the evidence to show that evidence was recovered from a residence known as 10301 Bristolwood Court, in Prince George's County, during the execution of a search warrant, on 6 June 2018.

    The attached 5 June 2018 application for a search and seizure warrant for indicates that the affiant believed that the aforesaid premises contained evidence related to the murder of one Noah Smothers.

    Smothers was scheduled to meet with someone named "Tae" and his "uncle" on the day that he went missing, in April of 2018. Smothers' cell phone's last known location was identified to be about 1,200 feet away from 10301 Bristolwood Court, a residence owned by one Carl Williams.

    According to the 5 June 2018 affidavit, the defendant and Taeyan Williams are listed, in unspecified databases, as living at that address, and the defendant and Carl Williams are listed as relatives, in unspecified databases. Both of those databases are of unknown reliability.

    According to the 5 June 2018 affidavit, Smothers' rental vehicle was driven to an apartment complex in Baltimore Maryland by an unknown suspect and thoroughly cleaned by that suspect, who then abandoned that vehicle and entered a vehicle rented by Scott Williams. That suspect has not been identified as the defendant.

    According to the 5 June 2018 affidavit, Smothers' abandoned rental vehicle contained a substantial amount of blood in the trunk. That blood was not, in the affidavit, linked to Noah Smothers or to any other person.

1

According to the 5 June 2018 affidavit, Smothers' rented a locker in a storage facility, which, after Smothers' disappearance, was entered by a vehicle identified as the same color, body style, make, and model as the vehicle rented by Scott Williams, and that entry was accomplished by the use of Smother's assigned PIN code number. Nothing in the affidavit established that the vehicle seen entering the storage facility was in fact the vehicle rented by the defendant.

According to the 5 June 2018 affidavit, a large quantity of drugs was "known" to have been in Smothers' storage locker. The source of that knowledge was not specified in the affidavit; nor was the magnitude of that large quantity specified; nor was the type of drugs specified in the affidavit. The reliability of that "knowledge" is unknown.

When police searched Smothers' storage locker, they found no such drugs.

After Smothers' 6 April 2018 disappearance, and before the 6 June 2018 search of 10301 Bristolwood Court, the vehicle rented by the defendant was returned to Enterprise and swapped out for a similar Nissan Altima.

Based upon that information, a search warrant for 10301 Bristolwood Court was issued. On the 6th of June, 2018, police executed that warrant by searching the premises and vehicles at that address. During that search, police discovered and seized quantities of marijuana, cocaine, and methamphetamine, as well as firearms and cell phones.

ARGUMENT

JOINDER OF THE MURDER COUNT<br>IN THE SUPERSEDING INDICTMENT WAS UNJUSTIFIED

Rule 8(a) of the Federal Rules of Criminal Procedure governs the joinder of separate counts in a single indictment. Rule 8(a) provides:

> "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

Fed. R. Crim. P. 8(a).

The United States Court of Appeals for the Fourth Circuit has consistently held that Rule 8(a) "permits Very broad joinder" in order to avoid wasting judicial resources, but the rule's broad reach is "not infinitely elastic." United States v. Hawkins, 776 F.3d 200, 206 (4th Cir. 2015) (quoting United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003)).

Joinder is not proper when the only connection between the counts is the defendant. Hawkins, 776 F.3d at 209 (citing United States v. Cardwell, 433 F.3d 378, 387 (4th Ck. 2005)); Mackins, 315 F.3d at 412-413. There must be limits because the "joinder of unrelated charges 'create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." Hawkins, 776 F.3d at 206 (quoting Cardwell, 433 F.3d at 384-85).

In this case, the Government should not be heard to claim that joinder is supported by any "common scheme or plan" theory under Rule 8(a). Any such common scheme or plan ended in April of 2018, and no connection between the April 2018 disappearance of Smothers and the drugs and guns found in the Bristolwood Court residence on 6 June 2018 can be established. Simply put, the Government has no evidence that links those guns and drugs to the April 2018 disappearance of Smothers or of the unknown quantities of unspecified drugs that Smothers may have stored in his storage locker.

In this case, the Government should not be heard to claim that joinder is supported by cross-admissibility of the evidence. In the absence of any evidentiary link, beyond mere speculation, between the 6 June 2018 drugs and guns and the April 2018 disappearances, the two schemes appear to be independent of one another.  They lack a shared objective. The Defendant himself appears to be the only connection between the two schemes, which is plainly insufficient under Fourth Circuit precedent. Hawkins, 776 F.3d at 209; Mackins, 315 F.3d at 412-413.

Even assuming, arguendo, that joinder were proper under Rule 8, this Court has the discretion to grant a severance under Rule 14 of the Federal Rules of Criminal Procedure. United States v. Lane, 474 U.S. 438, 449 (1986). Rule 14(a) states:

> "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Fed. R. Crim. P. 14(a).

"Rule 14's concern is to provide the trial court with some flexibility when a joint trial may appear to risk prejudice to a party." Lane, 474 U.S. at 449, n. 12. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Cardwell, 433 F.3d at 387-88 (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)); accord United States v. Qazab, 810 F.3d 879, 891 (4th Cir. 2015).

Two sources of prejudice, as identified in United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976), justify severance in this case.

First, "the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other."  Foutz, supra, 540 F.2d at 736).) The Defendant "may be coerced into testifying on the count upon which he wished to remain silent." Baker v. United States, 401 F.2d 958, 976 (D.C. Cir. 1968).

3

A joint trial may very well encumber the Defendant's decision about whether to assert his Fifth Amendment privilege against self-incrimination. See United States v. Clark, 928 F.2d 639, 644-45 (4th Cir. 1991); Baker v. United States, 401 F.2d 958, 977 (D.C. Cir. 1968). It is objectively reasonable for the Defendant to desire to testify solely as to the April 2018 conspiracy, but not as to the 6 June 2018 conspiracy, or vice-versa. No jury instruction could remedy the forces at play upon the Defendant's assertion of his Fifth Amendment privilege against self-incrimination.

Second, "the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition." Foutz, 540 F.2d at 736. There exists a risk that a jury would improperly rely upon a perceived criminal propensity. Rule 404(b) of the Federal Rules of Evidence restricts the admissibility of evidence of "other crimes" because "some degree of prejudice is necessarily created by permitting the jury to hear evidence of both crimes." See Foutz, 540 F.2d at 736.

The risk of criminal propensity attribution substantially outweighs any probative value of the evidence, in either direction. The evidence of the April disappearance or murder would certainly prejudice a jury deliberating upon the 6 June drug and gun charges, and vice versa. The evidentiary value of the other crimes evidence, in either case, is zero, since the Government cannot, with any evidence produced to date, connect the 6 June discoveries to the April disappearance. This apparent prejudice also warrants severance under Rule 14 of the Federal Rules of Criminal Procedure. See Foutz, 540 F.2d at 736.

Taken together, these two forms of prejudice present "a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Cardwell, 433 F.3d at 387-88. Even if joinder were proper under Rule 8(a), this Court should exercise its discretion under Rule 14 to sever count four from the other counts of the instant superseding indictment.

Thus, the joinder, in the superseding indictment, of the murder count to the three counts in the original indictment was wholly unjustified., and is no justification for extending the time for the Government to answer the defense motion to suppress, or for continuing the 3 January 2020 motions hearing or the 20 February 2020 trial.

4

THE APPROPRIATE SANCTIONS

As the joinder, in the superseding indictment, of the murder count to the three counts in the original indictment was wholly unjustified, it can serve as no justification for extending the time for the Government to answer the defense motion to suppress, or for continuing the 3 January 2020 motions hearing or the 20 February 2020 trial.

The delays caused by the Government's failure to prosecute this case, by failing to answer the defense motion to suppress, merit the exercise of the court's inherent power to dismiss an indictment for lack of prosecution, even where the delay is not of a constitutional magnitude. See Fed. R. Crim. P. 48(b) advisory committee note (pointing out that the rule restates the "inherent power of the court to dismiss a case for want of prosecution"). See also United States v. Balochi, 527 F.2d 562, 563-64 (4th Cir. 1976) (per curiam) (Rule 48(b) "supplements the district court's obligation to dismiss indictments in order to protect a defendant's constitutional rights, and it is broader in compass").

Rule 48(b) authorizes dismissal of an indictment for the the government's failure to prosecute without unnecessary delay, or what Rule 48(b)'s advisory committee note refers to as a "want of prosecution." See Fed. R. Crim. P. 48(b) advisory committee note; United States v. Hattrup, 763 F.2d 376 (9th Cir. 1985) (applying Rule 48(b) where delay was due to failure of prosecution's sole witness to appear); United States v. Correia, 531 F.2d 1095, 1099 (1st Cir. 1976) (applying Rule 48(b) where case had been called for trial, motion for continuance was denied, and government was not ready to proceed).

Beyond the power conferred by Rule 48(b), a trial court also has general supervisory power to administer its docket and preserve the integrity of the judicial process. A court's supervisory power authorizes it to "formulate procedural rules not specifically required by the Constitution or by Congress." United States v. Hasting, 461 U.S. 499, 505 (1983) (recognizing use of the power to discipline a prosecutor); see also United States v. Lee, 906 F.2d 117, 119 (4th Cir. 1990) (per curiam) (involving dismissal of a case without specifying source of authority because prosecutor failed to procure the attendance of a witness).

Under both Rule 48(b) and its supervisory power, a district court has broad discretion to manage its docket and to impose a wide range of sanctions against parties who violate the court's scheduling orders. Thus, the granting of the defense motion to suppress, for the Government's failure to timely answer, lies within the trial court's power.

Respectfully Submitted,

_____/s/_George Harper_____
George Harper
FBN 01781
924 E. Baltimore St., Suite 101
Baltimore, MD 21202
301-627-2700

APPENDIX

Rule 48. Dismissal

(a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

(b) By the Court. The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:

(1) presenting a charge to a grand jury;

(2) filing an information against a defendant; or

(3) bringing a defendant to trial.

Notes

Notes of Advisory Committee on Rules—1944

Note to Subdivision (a). 1. The first sentence of this rule will change existing law. The common-law rule that the public prosecutor may enter a nolle prosequi in his discretion, without any action by the court, prevails in the Federal courts, Confiscation Cases, 7 Wall. 454, 457; United States v. Woody, 2 F.2d 262 (D.Mont.). This provision will permit the filing of a nolle prosequi only by leave of court. This is similar to the rule now prevailing in many States. A.L.I. Code of Criminal Procedure, Commentaries, pp. 895–897.

2. The rule confers the power to file a dismissal by leave of court on the Attorney General, as well as on the United States attorney, since under existing law the Attorney General exercises "general superintendence and direction" over the United States attorneys "as to the manner of discharging their respective duties," 5 U.S.C. 317 [now 28 U.S.C. 509, 547]. Moreover it is the administrative practice for the Attorney General to supervise the filing of a nolle prosequi by United States attorneys. Consequently it seemed appropriate that the Attorney General should have such power directly.

3. The rule permits the filing of a dismissal of an indictment, information or complaint. The word "complaint" was included in order to resolve a doubt prevailing in some districts as to whether the United States attorney may file a nolle prosequi between the time when the defendant is bound over by the United States commissioner and the finding of an indictment. It has been assumed in a few districts that the power does not exist and that the United States attorney must await action of the grand jury, even if he deems it proper to dismiss the prosecution. This situation is an unnecessary hardship to some defendants.

4. The second sentence is a restatement of existing law, Confiscation Cases, 7 Wall. 454–457; United States v. Shoemaker, 27 Fed. Cases No. 16, 279 (C.C.Ill.). If the trial has commenced, the defendant has a right to insist on a disposition on the merits and may properly object to the entry of a nolle prosequi.

Note to Subdivision (b). This rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution. Ex parte Altman, 34 F.Supp. 106 (S.D.Cal.).

Committee Notes on Rules—2002 Amendment

The language of Rule 48 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The Committee considered the relationship between Rule 48(b) and the Speedy Trial Act. See 18 U.S.C. §§3161, et seq. Rule 48(b), of course, operates independently from the Act. See, e.g., United States v. Goodson, 204 F.3d 508 (4th Cir. 2000) (noting purpose of Rule 48(b)); United States v. Carlone, 666 F.2d 1112, 1116 (7th Cir. 1981) (suggesting that Rule 48(b) could provide an alternate basis in an extreme case to dismiss an indictment, without reference to Speedy Trial Act); United States v. Balochi, 527 F.2d 562, 563–64 (4th Cir. 1976) (per curiam) (Rule 48(b) is broader in compass). In re-promulgating Rule 48(b), the Committee intends no change in the relationship between that rule and the Speedy Trial Act.

REQUEST FOR HEARING

COMES NOW the defendant, by and through counsel, and hereby requests a hearing upon the motion to sever.

_____/S/_ GEORGE HARPER_____
George Harper

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the aforegoing pleading was emailed to, and mailed by first class mail, postage prepaid, this 30th day of December, 2019, unto Ray D. McKenzie Esq., Assistant Unites States Attorney, at 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770.

_____/s/_____
George Harper