**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-18-631** |
| | * | |
| **SCOTT ANTHONY WILLIAMS,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | ****** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR**
**RECONSIDERATION**

The Defendant, Scott Anthony Williams, has filed a Request for Reconsideration of an Order of Detention. (ECF 116). The United States opposes the Defendant's motion for the reasons set forth below.

**I.        PROCEDURAL BACKGROUND**

On December 19, 2018, an Indictment was returned charging the Defendant with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine, Cocaine, and Marijuana, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute 500 Grams or More of Methamphetamine, Cocaine, and Marijuana, in violation of 21 U.S.C. § 841; and Possession of Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c).[1] (ECF 1). On February 4, 2019, a detention hearing was held and the Defendant was ordered to be detained. (ECF 13 and 14).

On December 18, 2019, a Superseding Indictment was returned which added the crime of Murder in Furtherance of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 848(e)(1)(A) against the Defendant. (ECF 36).

---

[1] The Defendant's son, Taeyan Raymond Williams, was also charged in the conspiracy count.

On May 5, 2020, the Defendant filed a Motion to Reopen Detention Hearing and Set Conditions of Release or to Issue Order for Temporary Release. (ECF 62).  The Government responded in opposition to the Defendant's motion. (ECF 63).  On May 28, 2020, Defendant's motion was denied by Memorandum Opinion and Order issued by United States Magistrate Judge DiGirolamo. (ECF 68).

On April 27, 2021, a scheduling order was entered setting various dates including trial which was scheduled to begin on March 7, 2022.  (ECF 96).  On September 29, 2021, a Second Superseding Indictment was returned which charged the Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count One); Conspiracy to Interfere with Interstate Commerce by Robbery and Extortion, in violation of 18 U.S.C. § 1951(a) (Count Two); Interference with Interstate Commerce by Robbery and Extortion, in violation of 18 U.S.C. § 1951(a) (Count Three); Kidnapping with Death Resulting, in violation of 18 U.S.C. § 1201 (Count Four); Possess, Use, Carry and Brandish a Firearm During and in Furtherance of a Crime of Violence and Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Five);  Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841 (Counts Six and Seven); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Eight); and Conspiracy to Destroy and Conceal Evidence, in violation of 18 U.S.C. § 1512(c)(1) and (k) (Count Nine). (ECF 108). [2]

After the return of the Second Superseding Indictment, Government counsel initiated a conference call with counsel for both Defendants with the subjects being the appointment of learned counsel for Co-Defendant Taeyan Williams, a potential conflict of interest for one of the

---

[2] Taeyan Raymond Williams is also charged is Counts One, Two, Three, Four, Five, and Six.

attorneys representing the Defendant, and the motions hearing scheduled for October 12, 2021. Counsel agreed that a status conference with the Court was needed to discuss these and other matters. The Court held a telephonic status conference with counsel on October 6, 2021.  During the conference, without objection, the trial that was scheduled to begin on March 7, 2022, was removed from the calendar.[3]  In addition, the motions hearing set for October 12, 2021 was rescheduled for March 7 and 8, 2022.  One of the attorneys for the Defendant withdrew from representing the Defendant on October 11, 2021, and another attorney was appointed on November 5, 2021.  A telephonic status conference with the Court and counsel is scheduled for November 19, 2021, at which time a trial date will likely be set.

## II.    REVIEW OF DETENTION

Under 18 U.S.C. § 3145(b), a person ordered detained by a Magistrate Judge may file a motion for revocation or amendment of the order.  Upon the filing of such a motion, the Court must "make a *de novo* 'determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge.'" *United States v. Martin*, 447 F. Supp. 3d 399, 402 (D. Md. 2020).  By his motion, the Defendant is seeking review of the February 4, 2019 detention order and the May 28, 2020 Memorandum Opinion and Order issued by United States Magistrate Judge DiGirolamo. (ECF 116).

## III.    ARGUMENT

Under 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community, if there is probable cause to believe that the Defendant committed certain crimes including those charged in counts One, Five, Six, Seven, and Eight of the Second

---

[3] The Government has a copy of the recording of the October 6, 2021 status conference which is available at the Court's request.

Superseding Indictment.  Thus, in this case, subject to rebuttal, there is a presumption that the Defendant should be detained pending trial.

**a.  The Defendant's Allegations of Delay**

In his most recent motion, the Defendant contends that he has been subjected to unconstitutional delay caused by the Government, and that he should be released because of the delay.  In evaluating the Defendant's motion, relevant matters for the Court to consider are that the Defendant has obtained new counsel through separate attorney inquiry proceedings, which were held on January 24, 2020, October 28, 2020, and November 23, 2020.  As a result of the attorney inquiry hearings, the federal public defender's office was appointed to represent the Defendant on January 24, 2020. (ECF 51).  Thereafter, at the initiation of the Defendant, the public defender's office withdrew, and new counsel was appointed on November 20, 2020 and December 2, 2020. (ECF 80 and 88).  In addition, through the various Standing Orders issued in relation to the COVID-19 pandemic, jury trials were for the most part suspended from March 14, 2020 through March 15, 2021. (See Standing Orders including 2020-03, 2020-05, 2020-07, 2020-11, 2020-20, 2021-01, and 2021-04). Furthermore, through motions to exclude time for speedy trial purposes, which were not opposed or consented to by the defense, time has been tolled for speedy trial purposes through March 7, 2022. (ECF 28, 93, and 105).  Finally, the Court should likewise consider the procedural history of the case, including matters described in Section I above.

The Superseding Indictment in this case was returned on December 18, 2019.  Thereafter, because of the pandemic, grand jury proceedings were suspended or greatly limited from March 16, 2020, through February 16, 2021. (See Standing Orders 2020-03, 2020-11, 2020-23, and 2021-03).   When the Government was able, the grand jury investigation into this matter

continued, which resulted in the return of the Second Superseding Indictment on September 29, 2021.  The latest indictment was returned more than five months before the scheduled trial date and contrary to the defense contentions, Government counsel was prepared to proceed to trial as scheduled.  Government counsel did recognize however that with the nature of the new charges, the addition of learned counsel for Co-Defendant Taeyan Williams, the capital review process for Taeyan Williams, and the conflict of interest for one of the Defendant's attorneys, that it would be difficult for the trial schedule to stay in place.  During the October 6, 2021 status conference, counsel for Taeyan Williams requested that the March 2022 trial date be removed, and neither counsel for the Defendant, nor Government counsel objected.

In his motion, the Defendant cites *United States v. Thomas*, 55 F.3d 144 (4th Cir. 1995) in support of his contention that there has been an unconstitutional delay.  In *Thomas*, the Fourth Circuit held that in order to establish a Sixth Amendment violation, the defendant must "show that on balance, four separate factors weigh in his favor: 'whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.'" *Id.* 148.

Given the procedural history of this case, including the delays caused by the COVID-19 pandemic, Government counsel agrees that the delay in this case between the Defendant's initial appearance and trial has been long, but compared to cases of similar complexity, does not concede that the delay has not been unusually long.  Even if that is the case, when the Court examines the reason for the delay, fault does not rest with the Government.  Specifically, the pandemic delays and delays caused by the Defendant obtaining new counsel cannot be attributed to the Government.  Further, the Government did not hide its intention to seek additional charges

against the Defendants in this case, but was delayed from proceeding before the Grand Jury as a result of the pandemic. After the grand jury reopened, in the five months from May 2021 through September 2021, the Government was before the Grand Jury on at least eight occasions. Also, during this time various witnesses were located and interviewed outside of the Grand Jury process. Further, as stated above, time has been excluded for speedy trial purposes by consent, and the March 2022 trial date was removed without objection from counsel for the Defendants or the Government. Finally, the Defendant has failed to identify any "actual prejudice" to his defense caused by the delay. *Id.* at 149.

The crux of the Defendant's argument is that the Government is at fault for continuing its investigation which resulted in the Second Superseding Indictment, which in turn resulted in the March 2022 trial being cancelled. In *United States v. Lesczynski*, 86 Fed. Appx. 551 (4th Cir. 2004) (unpublished), the defendant alleged that the Government violated the speedy trial act by obtaining a superseding indictment solely to restart the speedy trial clock. The Court in *Lescynski* however found that because the superseding indictment added charges and another defendant, it was the result of an ongoing investigation and there was nothing to suggest bad faith or manipulation on the part of the Government. *Id.* at 554. Here, the same applies. The continuing investigation and evidence secured allowed the Government to obtain the Second Superseding Indictment, which contained additional charges against both Defendants. The Second Superseding Indictment was the culmination of the investigative efforts by federal law enforcement agents and was clearly not for the purpose of postponing the March 2022 trial date.

**b. The Defendant has not Rebutted the Presumption for Detention**

In his motion, the Defendant does not discuss the evidence against him, some of which is contained in the Government's previous Opposition to Defendant's Motion for Release. (ECF

63).   As summarized in the Government's earlier opposition, the Government's evidence against the Defendant is substantial.

Since the Memorandum Opinion by Judge DiGirolamo, the Government has obtained additional charges against the Defendant related to the murder of Noah Smothers. These charges include Conspiracy to Interfere with Interstate Commerce by Robbery and Extortion, in violation of 18 U.S.C. § 1951(a) (Count Two); Interference with Interstate Commerce by Robbery and Extortion, in violation of 18 U.S.C. § 1951(a) (Count Three); Kidnapping with Death Resulting, in violation of 18 U.S.C. § 1201 (Count Four); and, Possess, Use, Carry and Brandish a Firearm During and in Furtherance of a Crime of Violence and Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Five).  All of these counts relate to criminal activity of the most serious in nature, and weigh heavy in favor of detention.

While the Government's evidence has been refined since the filing of ECF 63, additional criminal conduct of the Defendant designed to conceal evidence of his crimes was discovered and included in Count Nine, which charges the Defendant with Conspiracy to Destroy and Conceal Evidence, in violation of 18 U.S.C. § 1512(c)(1) and (k).  Evidence of the matters included in Count Nine include a recorded jail call where the Defendant requests an associate to "wipe" his iCloud account, a recorded call where the Defendant attempted to obtain his Co-Defendant's cell phone for the purpose of concealing incriminating data, and passing a note during a federal court proceeding to an associate requesting the associate to go into the Defendant's residence and remove a cellular telephone that law enforcement did not seize.  Such blatant actions, aimed at concealing evidence of his crimes, buttresses the presumption for detention under 18 U.S.C. § 3142(e)(3), and the need for continued detention pending trial.

## IV.    CONCLUSION

For all the reasons set forth herein and in ECF 63, the motion of the Defendant should be denied and the Defendant should remain detained pending trial.

Respectfully submitted,

Erek L. Barron
United States Attorney
District of Maryland

By: _____

William D. Moomau
Dana J. Brusca
Dwight J. Draughon
Assistant United States Attorneys
United States Attorney's Office
District of Maryland
6500 Cherrywood Lane, Suite 200
Greenbelt, MD  20770

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2021, the foregoing Response in Opposition was filed electronically and thus served upon defense counsel.

_____
William D. Moomau
Assistant United States Attorney